IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HECTOR COLLAZO, :
:
    Plaintiff, : CIVIL ACTION NO. 15-2537
:
v. :
:
JOHN E. WETZEL, SEC'T OF :
CORRECTIONS, S.C.I. BENNER :
TOWNSHIP ACCOUNTANTS, :
:
    Defendants. :

## ORDER

**AND NOW**, this 12th day of May, 2015, the *pro se* plaintiff, Hector Collazo, having filed an application for leave to proceed *in forma pauperis* and a proposed complaint, *see* Doc. No. 1; and it appearing that the plaintiff is incarcerated at S.C.I.—Benner Township in Belleforte, Pennsylvania, *see* Doc. No. 1-1; and it appearing that the plaintiff has failed to file a certified copy of his prisoner account statement for the six-month period prior to the filing of this civil action on May 7, 2015, as required by 28 U.S.C. § 1915(a); accordingly, it is hereby **ORDERED** as follows:

1. The plaintiff's application to proceed *in forma pauperis* (Doc. No. 1) is **DENIED WITHOUT PREJUDICE**. Within thirty (30) days of the date of this order, the plaintiff shall either (1) remit the $350 filing fee and $50 administrative fee to the clerk of court, or (2) file a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined during the above-mentioned period.[1] If the court ultimately grants leave to the plaintiff to proceed *in forma pauperis*, he will

---

[1] S.C.I.—Benner Township is located in the Middle District of Pennsylvania. *See Vidra v. Menke*, No. 4:14-CV-1132, 2014 WL 7335149, at *2 (M.D. Pa. Dec. 19, 2014) (explaining location). In the complaint, the plaintiff has sued the secretary of the Department of Corrections and accountants at S.C.I. Benner Township. Rather than

be obligated to pay the $350 filing fee in installments in accordance with 28 U.S.C. § 1915(b); and

2. The clerk of court shall **CLOSE** this case for statistical purposes.

BY THE COURT:



_____
EDWARD G. SMITH, J.

---

returning to this court, where venue appears to be improper, the plaintiff may instead refile his complaint in the Middle District of Pennsylvania, where S.C.I.—Benner Township and the defendants are located. *See* 28 U.S.C. § 1391(b) (stating general requirements of venue).

Additionally, the court notes that the plaintiff has attached to his complaint an order by the Honorable Paul M. Yatron of the Court of Common Pleas of Berks County. *See Commonwealth v. Collazo*, No. CP-06-CR-3518-2012 (C.P. Berks Mar. 31, 2015) (Order), Doc. No. 1-1. In this order, Judge Yatron appears to have denied the plaintiff's petition relating to the deductions from his inmate account (which appears to be the same claim raised here) because the Court of Common Pleas lacked jurisdiction over this action. *See id.* Judge Yatron also specifically informed the plaintiff that the Commonwealth Court "has exclusive subject matter jurisdiction to adjudicate an inmate's civil action to enjoin the Department of Corrections from deducting money from his account for purposes of paying costs and fines." *Id.* (citing *Commonwealth v. Danysh*, 833 A.2d 151 (Pa. Super. 2003)). Therefore, it also appears that the relief sought here is obtainable by filing an action in the Commonwealth Court.